UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMEAKA L. ELLIS,<br><br>    Petitioner,<br><br>v.<br><br>BRIAN KOEHN, Warden,<br><br>    Respondent. | Case No. 14-cv-05579-JST  (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME TO FILE A TRAVERSE**<br><br>Re: Dkt. No. 17 |

    Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. Respondent was ordered to show cause why the petition should not be granted based upon the claims set forth therein. Respondent has filed an answer. Now before the Court are petitioner's: (1) motion for appointment of counsel; and (2) motion for extension of time to file his traverse.

    The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition, and the interests of justice do not otherwise require the appointment of counsel. Accordingly, petitioner's motion for appointment of counsel is DENIED. Should the circumstances of the case materially change, the Court may reconsider petitioner's request sua sponte.

1  Good cause appearing, petitioner's request for an extension of time to file a traverse is
2  GRANTED.  Petitioner may file a traverse by no later than **April 21, 2016**.
3  This order terminates Docket No. 17.
4  IT IS SO ORDERED.
5  Dated:  March 17, 2016

_____
JON S. TIGAR
United States District Judge

2